UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN DOLORES PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>QUICKEN LOANS MORTGAGE SERVICES,<br><br>        Defendant. | Case No.: 1:17-cv-1765- AWI- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

    Cory Joe Pearson seeks to proceed *pro se* and *in forma pauperis* with an action against Quicken Loans Mortgage Services. (Docs. 1, 2) For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is granted. However, as explained below, Plaintiff fails state facts sufficient to support a claim. Therefore, the complaint is dismissed with leave to amend.

**I.    Proceeding *in forma pauperis***

    The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit filed by Plaintiff (Doc. 2), and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Allegations

Plaintiff asserts Quicken Loans Mortgage Services "is a provider of home loans receiving federal funding." (Doc. 1 at 1) According to Plaintiff, "[a] proper appraisal of the property was never conducted as evidenced by the appraisal report," and she contends resulted in a failure to identify a defective condition, where there was not "positive drainage (away from the dwelling)." (*Id.* at 1-2) She contends now "significant flooding event has caused financial, emotional, and physical hardship." (*Id.* at 2)

Plaintiff contends the defendant "scheduled a trustee sale date without properly informing petitioner and while petitioner was made to think that a Deed in Lieu of foreclosure was still possible." (Doc. 1 at 2) In addition, she asserts the defendant "was dual tracking petitioner by offering modification designed to fail while still posting the property as a foreclosure, which resulted in unwanted visitors to the home." (*Id.* at 2)

## V. Discussion and Analysis

As an initial matter, the complaint does not make clear the basis for federal court jurisdiction. If Plaintiff is claiming diversity jurisdiction, she must allege facts to support this claim including the state of her residency and that of the defendant and the amount of monetary damages she believes she suffered as a consequence of the defendant's action.

In addition, the Court is not quite certain of the legal basis for the claims the Plaintiff seeks to raise against Quicken Loan Mortgage Services. It appears Plaintiff may be asserting that the defendant is liable for a violation of Cal. Civ. Code § 2923.6, which prohibits "dual tracking" by financial institutions that "continue to pursue foreclosure even while evaluating a borrower's loan modification application." *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp.2d 1110, 1149 (N.D. Cal. 2013). Specifically, Section 2923.6 provides in relevant part:

3

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> > (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> >
> > (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> >
> > (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code §2923.6(c). Notably, the anti-dual tracking provision is triggered by the borrower submitting a completed application for loan modification. Pursuant to Cal. Civ. Code § 2924.12, a plaintiff may seek injunctive relief for a material violation of Section 2923.6.

The facts alleged are insufficient for the Court to determine whether the provision has been violated. Plaintiff fails to allege if or when she submitted a completed lien loan modification application and does not provide any information regarding the response by Defendant. Further, there is no information regarding when a notice of default or notice of sale was recorded by the mortgage servicer. Without additional facts, the Court is unable to find Plaintiff has alleged a violation of Section 2923.6.

## VI.     Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states a cognizable claim. However, the factual deficiencies may be able to be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Thus, Plaintiff may file a new complaint that alleges sufficient factual allegations to demonstrate the wrongful conduct of the defendant and how she believes this conduct caused her harm.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v.*

4

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that states a cognizable claim and which cures the deficiencies discussed in this order. **If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: __April 9, 2018__           __/s/ Jennifer L. Thurston__
                                     UNITED STATES MAGISTRATE JUDGE

5